**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **ANTRELL TEEN, #461504,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 18-cv-01262-JPG** |
| | ) | |
| **C/O GERMAINE,** | ) | |
| **SGT. COOK, and** | ) | |
| **SGT. BOUTNAM,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Antrell Teen, who is currently detained at St. Clair County Jail ("Jail"), filed this civil rights action pursuant to 42 U.S.C. § 1983 for deprivations of his constitutional rights at the Jail. (Doc. 1). In the Complaint, Plaintiff alleges that the defendants retaliated against him for filing civil complaints by denying his requests for photocopies of legal documents in May 2018. (Doc. 1, p. 2). He seeks monetary damages against them. (Doc. 1, p. 3).

This case is now before the Court for preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> > (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> > (2) seeks monetary relief from a defendant who is immune from such relief.

1

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton*, 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009). The Complaint does not survive screening under this standard.

## The Complaint

Plaintiff alleges that Officer Germaine, Sergeant Cook, and Sergeant Boutnam retaliated against him for filing civil complaints challenging Jail policies and practices by denying his requests for photocopies of legal documents. (Doc. 1, p. 2). Officer Germaine allegedly refused to photocopy any legal documents for Plaintiff in May 2018. *Id*. Officer Miller[1] refused a single request to copy a declaration that Plaintiff prepared for filing in a civil suit against the Jail on May 27, 2018. *Id*. Miller informed Plaintiff that Sergeant Cook would not allow it. *Id*. Officer Brown gave Plaintiff a similar response when he requested photocopies of a 2016 captain complaint for use in a civil suit. *Id*. The officer told Plaintiff that Sergeant Boutnam would not allow it. *Id*. Although Plaintiff submitted captain complaints to address each of these incidents, he received no response to them before filing this suit on June 12, 2018. *Id*.

---

[1] Plaintiff did not name Officer Miller or Officer Brown as defendants. All claims against these individuals are considered dismissed without prejudice. *See Myles v. United States*, 416 F.3d 551, 551-52 (7th Cir. 2005) (to be properly considered a party, a defendant must be "specif[ied] in the caption").

## Discussion

To facilitate the orderly management of future proceedings in this case, and in accordance with the objectives of Federal Rules of Civil Procedure 8(e) and 10(b), the Court deems it appropriate to organize the claim in Plaintiff's *pro se* Complaint into the following count:

> **Count 1**: First Amendment retaliation claim against Germaine, Cook, and Boutnam for denying Plaintiff access to photocopies because he filed complaints and/or civil suits against the Jail and its staff.

The parties and the Court will use this designation in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of the count should not be construed as an opinion regarding the merits. **Any claims not recognized above but encompassed by the allegations in the Complaint are considered dismissed without prejudice from this action for failure to satisfy the *Twombly* pleading standard.**

## Count 1

In order to state a retaliation claim under the First Amendment, a plaintiff must show that: (1) he engaged in protected conduct; (2) he suffered a deprivation likely to prevent future protected activities; and (3) the protected conduct was a "motivating factor" for the retaliatory action. *Felton v. Huibregtse*, 525 F. App'x 484, 486 (7th Cir. 2013) (citing *Watkins v. Kasper*, 599 F.3d 791, 794 (7th Cir. 2010); *Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009)).

Plaintiff offers only threadbare allegations in support of his retaliation claim against each defendant. (Doc. 1, p. 2). He refers to "civil complaints filed in the district court" as the protected activity. *Id.* However, Plaintiff does not specify which civil complaints prompted the retaliation. *Id.* He also does not allege that the defendants actually knew about the civil complaints, making it unclear how the complaints served as a motivating factor for the decision

to deny his requests for photocopies. *Id.* Finally, it is unclear how the denial of Plaintiff's requests for copies served as a deterrent to the protected activity. Plaintiff does not allege or suggest that the defendants' conduct prevented him from pursuing relief in any of his civil suits or from filing new ones. On the contrary, the Court notes that Plaintiff wasted no time in filing this suit—only 12 days after the alleged retaliation.

The Complaint fails to state a plausible retaliation claim against the defendants and shall therefore be dismissed. However, the dismissal shall be without prejudice, and Plaintiff shall be granted leave to re-plead this claim by filing an amended complaint. If he chooses to do so, Plaintiff must follow the instructions and deadline in the below disposition.

### Pending Motions

Plaintiff has filed two Motions for Leave to Proceed *in forma pauperis* (Docs. 4 and 9), which the Court will address in a separate order.

### Disposition

**IT IS HEREBY ORDERED** that the Complaint is **DISMISSED** without prejudice for failure to state a claim.

**IT IS FURTHER ORDERED** that, should he wish to proceed with this case, Plaintiff shall file his First Amended Complaint, stating any facts which may exist to support his claim in Count 1, within 28 days of the entry of this order (on or before **September 24, 2018**). He should label the document, "First Amended Complaint," and write this case number (No. 18-cv-01262-JPG) on the first page. An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.,* 354 F.3d 632, 638 n.1 (7th Cir. 2004). The Court will not accept piecemeal amendments to the original complaint. Thus, the First Amended Complaint must stand on its own, without reference to any

4

other pleading. Should the First Amended Complaint not conform to these requirements, it shall be stricken. Failure to file an amended complaint shall result in the dismissal of this action with prejudice. Such dismissal shall count as one of Plaintiff's three allotted "strikes" within the meaning of 28 U.S.C. § 1915(g).

No service shall be ordered on any Defendant until after the Court completes its § 1915A review of the First Amended Complaint.

In order to assist Plaintiff in preparing his amended complaint, the Clerk is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: August 27, 2018**

<u>**s/J. Phil Gilbert**</u>
**J. PHIL GILBERT**
**United States District Judge**