IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ANTRELL TEEN, #461504, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 18-cv-01262-JPG |
| ) | |
| C/O GERMAINE, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

**GILBERT, District Judge:**

This case is now before the Court for preliminary review of the First Amended Complaint filed by Plaintiff Antrell Teen on September 24, 2018. (Doc. 11). Plaintiff claims that Officer Germaine refused to make photocopies of legal documents that Plaintiff intended to file in a pending legal action involving officials at St. Clair County Jail ("Jail"). (Doc. 11, pp. 7, 9). Plaintiff seeks monetary damages for this retaliatory conduct. (Doc. 11, p. 8).

This case is before the Court for preliminary review of the Amended Complaint pursuant to 28 U.S.C. § 1915A. Under § 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

**Amended Complaint**

The allegations set forth in support of Plaintiff's claims are as follows: Since 2016, Jail officials have retaliated against Plaintiff for filing lawsuits against approximately twenty employees, supervisors, and administrators at the Jail. (Doc. 11, pp. 7, 9). In this case, Plaintiff

1

focuses on a single incident involving Officer Germaine.[1] *Id*. In May 2018, Plaintiff asked the officer on one or more occasions for photocopies of legal documents he needed to respond to a motion for summary judgment in *Teen v. Lazante, et al.*, No. 17-cv-00929-JPG-RJD (S.D. Ill.). The officer took the original documents from Plaintiff but refused to copy them or explain why he would not do so. *Id*. Plaintiff was forced to submit an incomplete response to the summary judgment motion. *Id*. He claims that Officer Germaine denied his request for photocopies in order to retaliate against him for naming the officer's coworkers as defendants in the suit. *Id*.

## Discussion

To facilitate the orderly management of future proceedings in this case and in accordance with Federal Rules of Civil Procedure 8(e) and 10(b), the Court deems it appropriate to organize the claims in Plaintiff's *pro se* Amended Complaint into the following counts:

> **Count 1**: First Amendment retaliation claim against Germaine for denying Plaintiff access to photocopies because he filed complaints and/or civil suits against Jail staff members.
>
> **Count 2:** First Amendment claim against Germaine for denying Plaintiff access to the courts by preventing him from filing a complete response to the summary judgment motion in *Teen v. Lazante, et al.*, No. 17-cv-00929-JPG-RJD (S.D. Ill.).

**Any claims not recognized above but encompassed by the allegations in the Amended Complaint are considered dismissed without prejudice pursuant to *Twombly*.**

### Count 1

In order to state a retaliation claim under the First Amendment, a plaintiff must show that: (1) he engaged in protected conduct; (2) he suffered a deprivation likely to prevent future protected activities; and (3) the protected conduct was a motivating factor for the retaliatory

---

[1] Plaintiff also refers to C/O Miller in the statement of his claim. However, he has not named Officer Miller as a defendant in the Amended Complaint. All claims against this individual are considered dismissed without prejudice from the action. FED. R. CIV. P. 10(a); *Myles v. United States*, 416 F.3d 551, 551-52 (7th Cir. 2005) (to be considered a party, a defendant must be "specif[ied] in the caption").

action. *Felton v. Huibregtse*, 525 F. App'x 484, 486 (7th Cir. 2013) (citations omitted). At this stage, the Court must construe all allegations liberally in favor of the *pro se* litigant. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009). When doing so, the Court finds that Plaintiff has stated a plausible retaliation claim against Officer Germaine.

Plaintiff allegedly engaged in protected conduct when he filed a suit against several members of the Jail's staff, satisfying the first element of this claim at screening. *See, e.g., Higgason v. Farley*, 83 F.3d 807, 810 (7th Cir. 1996) (retaliation for filing lawsuit); *Murphy v. Lane*, 833 F.2d 106, 108-09 (7th Cir. 1987) (per curiam) (same). Second, Officer Germaine allegedly retaliated against Plaintiff by refusing to copy his legal documents, thus deterring Plaintiff from engaging in future protected conduct (*i.e.*, litigation of his claims). *See Howland v. Kilquist*, 833 F.2d 639, 644 (7th Cir. 1987) ("[A]n act in retaliation for the exercise of a constitutionally protected right is actionable under section 1983 even if the act, when taken for different reasons, would have been proper."). Finally, Officer Germaine's conduct was motivated by the suit Plaintiff filed against the officer's coworkers. Accordingly, Count 1 shall receive further review against Officer Germaine.

**Count 2**

A two-part test is used to determine whether prison administrators have violated an incarcerated person's right of access to the courts. First, the plaintiff must show that prison officials failed "to assist in the preparation and filing of meaningful legal papers by providing . . . adequate law libraries or adequate assistance from persons trained in the law." *Jenkins v. Lane*, 977 F.2d 266, 268 (7th Cir. 1992). Second, the plaintiff must also show some "quantum of detriment," *i.e.*, actual substantial prejudice to specific litigation, that was caused by the challenged conduct. *Alston v. DeBruyn*, 13 F.3d 1036, 1041 (7th Cir. 1994); *Kincaid v. Vail*, 969

3

F.2d 594, 603 (7th Cir. 1992); *Jenkins*, 977 F.2d at 268. Plaintiff does not show a detriment to specific litigation. He merely alleges that he was forced to file an incomplete response to a summary judgment motion. However, Plaintiff does not indicate that this resulted in any actual prejudice to his pending suit. For example, Plaintiff does not allege that he lost the case because of the incomplete response. He does not describe the documents, summarize their contents, or explain their purpose. In other words, Plaintiff's allegations do not suggest that he was actually prejudiced by Officer Germaine's conduct. Further, it appears that this claim is premature, given that Plaintiff filed this action before a decision was made on the dispositive motion. For these reasons, Count 2 shall be dismissed without prejudice.

## Pending Motions

Plaintiff's Motions for Leave to Proceed *in forma pauperis* (Docs. 4 and 9) will be addressed in a separate order.

## Disposition

**IT IS HEREBY ORDERED** that **COUNT 1** survives screening and is subject to further review against Defendant **C/O GERMAINE**.

**IT IS ORDERED** that **COUNT 2** is **DISMISSED** without prejudice against Defendant **C/O GERMAINE** for failure to state a claim upon which relief may be granted.

The Clerk of Court shall prepare for Defendant **C/O GERMAINE**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the First Amended Complaint, and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff. If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps

to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If the Defendant cannot be found at the address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file, nor disclosed by the Clerk.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the Amended Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to a **United States Magistrate Judge** for further pre-trial proceedings.

Further, this entire matter is hereby **REFERRED** to a **United States Magistrate Judge** for disposition, as contemplated by Local Rule 72.2(b)(3) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against Plaintiff and remit the balance to Plaintiff. Local Rule 3.1(c)(1).

5

Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: October 17, 2018**

<u>s/J. Phil Gilbert</u>
**J. PHIL GILBERT**
**United States District Judge**