IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ANTRELL TEEN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No.  18-cv-1262-RJD |
| | ) |
| OFFICER CHARLES GERMAINE, | ) |
| | ) |
| Defendant. | ) |

**ORDER**

**DALY, Magistrate Judge:**

Plaintiff Antrell Teen filed this lawsuit pursuant to 42 U.S.C. § 1983 alleging his constitutional rights were violated while he was detained at the St. Clair County Jail.  Plaintiff asserts he asked Officer Germaine for photocopies of legal documents Plaintiff needed in order to respond to a motion for summary judgment in a civil rights case, and Officer Germaine confiscated the documents and refused to copy them.  Plaintiff alleges Officer Germaine denied his request for photocopies in retaliation for naming Germaine's coworkers as defendants in a civil rights case.

Plaintiff is proceeding in this case on a First Amendment retaliation claim against Officer Germaine for denying Plaintiff access to photocopies because he filed complaints and/or civil suits against Jail staff members.

This matter is now before the Court on Defendant Officer Germaine's Motion for Summary Judgment (Doc. 34).  Plaintiff filed a timely response (Doc. 38).  For the reasons set forth below, Defendant's Motion is **GRANTED**.

**Factual Background**

Plaintiff was booked into the St. Clair County Jail ("the County Jail") on December 16, 2015 (Cell Assignment History, Doc. 34-2). Relevant to the allegations in his complaint, Plaintiff was housed in the A-Block in May 2018 (*Id.*). In May 2018, Plaintiff asked Defendant Officer Germaine to make copies of legal documents approximately four to five times over a period of consecutive days (Deposition of Antrell Teen, Doc. 34-1 at 3-4). These documents included a response to a motion for summary judgment on the issue of exhaustion of administrative remedies, as well as affidavits related to other civil cases (*Id.* at 3, 11). Defendant refused on each occasion, stating "I don't make copies" (*Id.* at 3). Defendant provided no further explanation and made no other comments or remarks (*Id.* at 5). On one occasion, Defendant took the documents and returned them hours later, but did not make photocopies (*Id.* at 6-7). During this time, other officers made copies for Plaintiff (*Id.* at 7). At his deposition, Plaintiff testified there were no pleadings or other documents he was unable to file due to Defendant's actions, nor did he miss any court deadlines (*Id.* at 6).

Plaintiff submitted a Captain's Complaint on May 28, 2018 explaining that Officer Cook was refusing to let his subordinates make copies of declarations to be used in the filing of civil complaints (*see* Doc. 34-3). In this Captain's Complaint, Plaintiff remarks that "C.O. Germaine has refused to make copies this entire month" (*see id.*). Plaintiff received a response from an officer and supervisor, and an "informal" hearing was held about a week later before Major McLaurin and Captain Stockett in May (*Id.*; Doc. 34-1 at 6). After this "hearing," Defendant began to make copies (*Id.*).

At his deposition, Plaintiff testified that in February 2018, he submitted a Captain's Complaint naming Defendant Germaine concerning conditions of confinement on the "L Block"

(Doc. 32-1 at 3; *see* Doc. 38 at 15). In his declaration attached to his summary judgment response, Plaintiff posits that Defendant refused to make copies because Plaintiff had filed this February 2018 grievance (*Id.* at 70). Plaintiff also remarks that two of Defendant's co-workers, Cook and Lazante, had been served in other civil rights cases prior to Defendant refusing to make copies (Doc. 34-1 at 11-12; Doc. 38 at 70).

## Summary Judgment Standard

Summary judgment is appropriate only if the moving party can demonstrate "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322(1986); *see also Ruffin-Thompkins v. Experian Information Solutions, Inc.*, 422 F.3d 603, 607 (7th Cir. 2005). The moving party bears the initial burden of demonstrating the lack of any genuine issue of material fact. *Celotex*, 477 U.S. at 323. Once a properly supported motion for summary judgment is made, the adverse party "must set forth specific facts showing there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). A genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Estate of Simpson v. Gorbett*, 863 F.3d 740, 745 (7th Cir. 2017) (quoting *Anderson*, 477 U.S. at 248). In assessing a summary judgment motion, the district court views the facts in the light most favorable to, and draws all reasonable inferences in favor of, the nonmoving party. *Apex Digital, Inc. v. Sears, Roebuck & Co.*, 735 F.3d 962, 965 (7th Cir. 2013) (citation omitted).

## Discussion

Plaintiff contends Defendant Germaine refused to make copies of legal documents in May 2018, in retaliation for Plaintiff filing a grievance against Germaine and civil lawsuits against other

officials at the County Jail.  A prison official who takes action in retaliation for a prisoner's exercise of a constitutional right violates the Constitution.  *DeWalt v. Carter*, 224 F.3d 607, 618 (7th Cir. 2000).  The Seventh Circuit has articulated that for a plaintiff to prevail on a First Amendment retaliation claim, he must show that: (1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was "at least a motivating factor" in the defendant's decision to take the retaliatory action.  *Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009) (citing *Woodruff v. Mason*, 542 F.3d 545, 551 (7th Cir. 2008)) (other citations omitted).

At the summary judgment stage, the Seventh Circuit has held that the burden of proving causation is split between the parties.  *Kidwell v. Eisenhauer*, 679 F.3d 957, 965 (7th Cir. 2012). Initially, in order to establish a prima facie case, the plaintiff must produce evidence that his speech was at least a "motivating" factor in the defendant's decision to take retaliatory action.  *Id.* Then, the burden shifts to the defendant to rebut the causal inference raised by the plaintiff's evidence and show that the harm would have occurred anyway, despite the protected activity.  *Id.* If the defendant fails to counter the plaintiff's evidence, then the defendant's retaliatory actions are considered a "necessary condition" of the plaintiff's harm, and the plaintiff has established the "but-for" causation needed to succeed on his claim.  *Id.*

Defendant Germaine first contends that the deprivation of which Plaintiff complains would not likely deter first amendment activity.  Defendant asserts any refusal to provide copies was a mere inconvenience to Plaintiff, as other officers made copies of documents for Plaintiff during this time, and the alleged "deprivation" was short in duration.  The Court agrees.  The standard is whether a person of ordinary firmness would be deterred from continuing to engage in protected conduct based on Defendant Germaine's actions.  *Surita v. Hyde*, 665 F.3d 860, 878 (7th Cir.

2011). Even when viewing the evidence in Plaintiff's favor, the Court finds such an ordinary person would not be deterred. Although, as Plaintiff asserts, Defendant failed to follow the Jail policy concerning copies, such failure does not amount to a constitutional violation. *See Smego v. Hankins*, 2016 WL 9045472, *3 ("The refusal to correctly process Plaintiff's grievances is not sufficiently adverse, by itself, to deter a person of ordinary firmness from exercising First Amendment rights. Even if Defendants intentionally violated state law directives regarding the grievance procedure, that would not alone violate any federal law."). Moreover, Defendant's actions were not threatening or menacing, and other staff members assisted Plaintiff in making copies. Thus, Plaintiff suffered no detriment attributable to Defendant's actions.

In any event, the evidence before the Court is not sufficient to establish that the filing of grievances and lawsuits was a motivating factor in Defendant's refusal to make copies in May 2018. The Court notes that Plaintiff's burden in establishing a prima facie case may be met by presenting either direct or circumstantial evidence. *Kidwell*, 679 F.3d at 965. Direct evidence is evidence which will prove a particular fact without reliance upon inference or presumption, while circumstantial evidence is evidence from which a trier of fact may infer that retaliation occurred, including suspicious timing or ambiguous oral or written statements. *Id.* (quotations and citations omitted). Here, there is no direct evidence of any retaliatory motive. At most, it appears Plaintiff is relying on the general timing of the events to establish his prima facie case. The Seventh Circuit has held that a plaintiff's reliance on suspicious timing to establish a prima facie retaliation claim will "rarely be sufficient in and of itself to create a triable issue." *Stone v. City of Indianapolis Pub. Utils. Div.*, 281 F.3d 640, 644 (7th Cir. 2002) (citations omitted). Further, the adverse action must follow "close on the heels" of the protected expression and the plaintiff must show that the person who took the adverse action knew of the protected conduct. *Kidwell*, 679

F.3d at 966. Here, the Court is not convinced that the alleged retaliatory action followed "close on the heels" of any protected expression as the most recent activity to which Plaintiff points occurred in February 2018, approximately three months prior to the actions alleged in this lawsuit. Because the Court finds no adverse act that would deter a person of ordinary firmness from engaging in a First Amendment activity, and no evidence that Defendant acted with retaliatory motive, Defendant is entitled to summary judgment.

## Conclusion

Based on the foregoing, the Motion for Summary Judgment filed by Defendant Officer Charles Germaine (Doc. 34) is **GRANTED**.  The Clerk of Court is directed to enter judgment in favor of Defendants Germaine and against Plaintiff.

**IT IS SO ORDERED.**

**DATED: May 8, 2020**

*s/  Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**